IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JOHN THURLOW MOSBY,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN, MARK LYNN MCCARTHY,<br><br>Defendants. | CV 22-77-H-SEH<br><br><br><br>ORDER |

On September 21, 2022, Plaintiff John Thurlow Mosby (Mosby), without counsel, filed suit alleging constitutional violations associated with his incarceration.[1] The Complaint as pleaded fails to state a claim for federal relief and is dismissed.

## STATEMENT OF THE CASE

Mosby is a state prisoner incarcerated at Montana State Prison (MSP).[2] Mark Lynn McCarthy (McCarthy), a dentist at MSP, and Jim Salmonsen (Salmonsen), MSP Warden, are named as defendants.[3] Mosby alleges cruel and unusual punishment, deliberate indifference, medical malpractice, and negligence.[4] Mosby asserts that on February 10, 2021, Dr. McCarthy pulled one of his teeth and in the

---

[1] Doc. 2.
[2] Doc. 2 at 2.
[3] Doc. 2 at 2.
[4] Doc. 2 at 4.

process, broke Mosby's jaw and three additional teeth.[5] He contends that he has had no repair of the broken teeth and is still in pain.[6]

## MOTION TO APPOINT COUNSEL

On September 27, 2022, Mosby moved for the appointment of counsel.[7] No litigant, including incarcerated prisoners proceeding in forma pauperis, has a constitutional right to be represented by appointed counsel in a Section 1983 lawsuit.[8] The Court may appoint counsel for an indigent plaintiff only under "exceptional circumstances."[9] This is not such a case.

## 28 U.S.C. §§ 1915, 1915A SCREENING

The Complaint has been reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[10]

Rule 8 Fed. R. Civ. P. requires a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[11] and must "contain sufficient factual matter, accepted as true, to

---

[5] Doc. 2 at 5.
[6] Doc. 2 at 5.
[7] Doc. 7.
[8] *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).
[9] 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).
[10] 28 U.S.C. §§ 1915(e)(2) and 1915A(b).
[11] Fed. R. Civ. P. 8(a)(2).

state a claim to relief that is plausible on its face."[12] The allegations must cross "the line from conceivable to plausible."[13]

Pro se filings are "to be liberally construed."[14] A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[15]

## ANALYSIS

To state a Section 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs."[16]

The test in the Ninth Circuit for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent."[17]

The second prong requires a showing of: (1) "a purposeful act or failure to respond to a prisoner's pain or possible medical need"; and (2) "harm caused by the

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[13] *Id.* at 680.
[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").
[15] *Id.*
[16] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[17] *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citations omitted).

indifference."[18] Generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[19]

Mosby specifically claims McCarthy committed malpractice.[20] However, medical malpractice of staff is not a proper ground for a Section 1983 claim. A constitutional claim for denial of medical care requires more. "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the *defendants chose this course in conscious disregard* of an excessive risk to the plaintiff's health."[21]

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[22] Mosby's allegations and the documents attached to his Complaint, fail to plausibly allege that Dr. McCarthy was deliberately indifferent to his serious medical need.

Mosby also fails to state a claim against Salmonsen. He alleges no facts

---

[18] *Id.*
[19] *Id.*
[20] Doc. 2 at 3.
[21] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted) (emphasis added).
[22] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (stating that "[d]eliberate indifference is a high legal standard").

whatsoever regarding the conduct of Salmonsen. Supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."[23] Mosby has not alleged any facts that suggest Salmonsen had any role in a deprivation of Mosby's medical rights.

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."[24] The Court concludes amendment would be futile.

**ORDERED:**

1. Plaintiff's motion for the appointment of counsel[25] is **DENIED**.

2. Plaintiff's case is **DISMISSED** for failure to state a federal claim. Amendment would be futile.

3. The Clerk of Court is directed to enter judgment.[26]

4. The Court **CERTIFIES** that any appeal of this decision would not be taken in good faith. Filing of this action counts as one strike against Mosby under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 3rd day of November, 2022.

Sam E. Haddon
United States District Court Judge

---

[23] *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).
[24] *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (internal quotations omitted).
[25] Doc. 4.
[26] Fed. R. Civ. P. 58.